IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

**MAR 29 2014**

CLERK, U.S. DISTRICT COURT

By _____
Deputy

DIANNE MCINTYRE,                    §
                                    §
            Plaintiff,              §
                                    §
VS.                                 §   NO. 4:14-CV-193-A
                                    §
ROLY'S TRUCKING, INC., ET AL.,      §
                                    §
            Defendants.             §

## MEMORANDUM OPINION
### and
### ORDER

Now before the court is the above-captioned action where
plaintiff is Dianne McIntyre and defendants are Roly's Trucking,
Inc. ("Roly's"); Rolando Garcia ("Rolando"), in his official and
individual capacities; Iliana Garcia ("Iliana"); Edward L.
Justice ("Justice"), in his official and individual capacities;
Aaron's Distribution Warehouse ("Aaron's"), a subsidiary of
Aaron's Inc.; Chris Page ("Page"), in his official and individual
capacities; Tuesday Morning Corporation ("Tuesday Morning"); and,
Cheryl Bailey ("Bailey"), in her official and individual
capacities.

Plaintiff was granted leave to proceed in forma pauperis
pursuant to 28 U.S.C. § 1915(a)(1). The court routinely reviews
complaints such as plaintiff's before ordering service of process
to determine whether the court's jurisdiction has been properly

invoked and whether the complaint, or any portion thereof, fails

to state a claim upon which relief may be granted, in light of

the court's inherent authority to dismiss a complaint on its own

motion for failure to state a claim. See <u>Carroll v. Fort James</u>

<u>Corp.</u>, 470 F.3d 1171, 1176-77 (5th Cir. 2006). Having now

reviewed the allegations in plaintiff's complaint, the court has

determined that such grounds exist as to certain defendants and

claims, as set forth herein.[1]

To briefly sum up the allegations of the complaint,

beginning March 26, 2012, plaintiff was employed by Roly's as a

truck driver. Rolando is alleged to be the president/director of

Roly's. The complaint describes a number of incidents that

allegedly occurred during the period of plaintiff's employment,

ending with the termination by Roly's of plaintiff's employment

on July 17, 2013. Plaintiff asserted claims and causes of action

for disparate treatment pursuant to Title VII and the Age

Discrimination in Employment Act ("ADEA"); retaliation pursuant

to Title VII; race discrimination and retaliation pursuant to 42

U.S.C. § 1981; hostile and abusive work environment pursuant to

---

[1]The court recognizes that <u>sua</u> <u>sponte</u> dismissal typically involves notice to the plaintiff and an opportunity to respond. <u>Lozano v. Ocwen Fed. Bank, FSB</u>, 489 F.3d 636, 643 (5th Cir. 2007). However, the nature of the claims and defendants dismissed are such that the court can think of nothing plaintiff could offer by way of a response that would affect the dismissal. Accordingly, the court can see nothing to be gained by affording plaintiff an opportunity to respond or file an amended complaint.

Title VII and § 1981; and, violation of her right to equal
protection pursuant to 42 U.S.C. § 1983.

II.

## Dismissal of Certain Claims and Defendants

### A.   Claim Pursuant to 42 U.S.C. § 1983

To allege a claim pursuant to § 1983, plaintiff "must allege
facts tending to show (1) that [s]he has been deprived of a right
secured by the Constitution and the laws of the United States,
and (2) that the deprivation was caused by a person or persons
acting under color of state law."  Bass v. Parkwood Hosp., 180
F.3d 234, 241 (5th Cir. 1999) (internal quotation marks and
citation omitted).  Here, each of the defendants is a private
individual or entity.  When determining liability under § 1983,
actions by a private party can be considered "state action" only
where the challenged conduct "may be fairly attributable to the
State."  Id.  Courts have applied a number of tests to determine
if certain actions by a private party meet the "state action"
standard.  See id. at 241-42.  The court need not elaborate on or
apply any of the tests because plaintiff has alleged no facts
that would lead to a conclusion that any of the named defendants
could be considered an entity whose conduct may be attributed to
the state.  Accordingly, all of plaintiff's claims under § 1983
must be dismissed.

3

## B. Claims Against Iliana

Plaintiff alleged that in June 2013, she completed a sick leave request form and gave it to Justice, "who was supposed to send it to Iliana Garcia, in California for approval." Compl. at 7. However, Justice purportedly retaliated against plaintiff by failing to send the form to Iliana. No further mention is made of Iliana in the remainder of the complaint. This single reference fails to allege any actionable conduct on the part of Iliana, and all claims asserted against Iliana are dismissed.

## C. Claims Against Aaron's, Page, Tuesday Morning, and Bailey

### 1. ADEA and Title VII Claims

To impose liability under Title VII or the ADEA requires, as a threshold matter, an employment relationship between the plaintiff and defendant. See Deal v. State Farm Cnty. Mut. Ins. Co., 5 F.3d 117, 118 n.2 (5th Cir. 1993). Here, only Roly's is alleged to be plaintiff's employer. Aaron's and Tuesday Morning are alleged to be Roly's customers, while Page and Bailey are employees of Aaron's and Tuesday Morning, respectively. Absent any employment relationship between plaintiff and Aaron's, Page, Tuesday Morning, or Bailey, plaintiff cannot assert claims against those defendants pursuant to Title VII or the ADEA.

2.   Claims Pursuant to 42 U.S.C. § 1981

It is unclear if plaintiff intended to assert her race

discrimination and retaliation claims under § 1981 against

Aaron's, Page, Tuesday Morning, and Bailey.[2]   Section 1981

provides that all persons shall have the right "to make and

enforce contracts, to sue, be parties, give evidence, and to the

full and equal benefit of all laws and proceedings for the

security of persons and property . . . ."  42 U.S.C. § 1981(a).

To establish a claim pursuant to § 1981 requires plaintiff to

show that: (1) she is a member of a racial minority; (2) the

defendant intended to discriminate against her on the basis of

race; and, (3) the discrimination concerned one or more of the

activities enumerated in the statute--in this case, the making

and enforcing of a contract.   Bellows v. Amoco Oil Co., 118 F.3d

268, 274 (5th Cir. 1997); Green v. State Bar of Tex., 27 F.3d

1083, 1086 (5th Cir. 1994).   Unlike Title VII or the ADEA, 42

U.S.C. § 1981 does not limit claims only to statutory

"employers."

In the employment context, the Fifth Circuit has recognized

a right of recovery under § 1981 against individual defendants

under certain circumstances; for example, where an individual

---

[2]Plaintiff also asserted a claim of hostile and abusive work environment pursuant to Title VII and
42 U.S.C. § 1981, but that claim appears directed solely against Rolando Garcia.

5

defendant was "essentially the same as the State for the purposes

of the complained-of conduct." Foley v. Univ. of Houston Sys.,

355 F.3d 333, 337-38 (5th Cir. 2003) (internal quotation marks

omitted) (discussing cases). However, the court has found no

Fifth Circuit case expanding race discrimination and retaliation

claims under § 1981 in the employment context to third parties

who are not in some form of employment relationship with the

plaintiff as employer, coworker, or supervisor. Nor does it

appear likely that the Fifth Circuit would recognize such a

claim. See, e.g., Bellows, 118 F.3d at 274; James v Parish, 421

F. App'x 469, 470 (5th Cir. 2011).[3]

Even if the Fifth Circuit were to do so, however, plaintiff

has failed to allege sufficient factual allegations against

Aaron's, Page, Tuesday Morning, or Bailey to sustain a claim

pursuant to § 1981. As to Page, plaintiff alleged that he made

her wait four to six hours at the loading docks before loading

her truck, refused to allow her to use the women's restroom in

the main office, and made derogatory comments concerning female

drivers. Plaintiff also alleged that Page sent an email to

Justice and other Roly's employees asking that they not send

plaintiff to pick up loads due to complaints about her. No facts

---

[3]The court recognizes that this unpublished decision is not binding precedent. Nevertheless, the court finds its holding instructive in this action.

6

are alleged to show that any of the aforementioned actions were taken with an intent to discriminate against plaintiff because of her race.[4]

Similarly, the allegations against Bailey stem from a dispute between plaintiff and dispatchers at Tuesday Morning, Bailey's employer, concerning plaintiff's purported failure to follow that company's policies and procedures pertaining to picking up and dropping off loads.  Plaintiff admitted she wrote to Tuesday Morning's human resource department questioning that company's policies and procedures, even though Tuesday Morning was not her employer.  Bailey informed Justice in an email that plaintiff was not following procedures for picking up empty trailers, and asked that plaintiff not return to Tuesday Morning because she was "obnoxious, rude, had a bad attitude, and . . . was accusative."  Compl. at 14.  Nothing is alleged to show that Bailey ever did or said anything to plaintiff that could be construed as an intent to discriminate against plaintiff because of her race.[5]

---

[4]Instead, it appears plaintiff's allegations against Page are that he took all of the described actions because of her gender.

[5]Plaintiff claims that Page allowed male drivers of other races to load their trucks on time without making them wait; as to Bailey, plaintiff alleged that male drivers of other races refused to take or pick up loads or empty trailers from Tuesday Morning, but were not disciplined. These broad, conclusory assertions have no factual support in the complaint and are insufficient to establish any discriminatory treatment towards plaintiff on the basis of race. See Dickerson v. O'Neill, 73 F. App'x 84, *2 (5th Cir. 2003) (per (continued...)

7

        To state a claim of retaliation under § 1981 requires a

showing that plaintiff engaged in protected activity, she

suffered an adverse employment action, and a causal connection

between the two.  Foley, 355 F.3d at 339.  Here, the only

protected activity alleged by plaintiff is that she filed with

the EEOC two charges of discrimination, which she attached to the

complaint.  Neither of the charges identifies or names Page,

Aaron's, Bailey, or Tuesday Morning in any manner, nor do either

of the charges allege anything against any of those defendants.

Also absent from the complaint is any contention that Page,

Aaron's, Bailey, or Tuesday Morning were aware that plaintiff

filed such charges.  Hence, plaintiff has failed to allege any

protected activity that could form the basis of a retaliation

claim against Page, Aaron's, Bailey, or Tuesday Morning.

        To the extent plaintiff intended to assert any claims

pursuant to 42 U.S.C. § 1981 against Page, Aaron's, Bailey, or

Tuesday Morning, those claims are dismissed.

                                III.

                    Service on Remaining Defendants

        The result of the foregoing discussion is that the only

_____

(...continued)

curiam) (conclusory assertions, or labels and conclusions, insufficient to state a claim of discrimination under
§ 1981); Malik v. Continental Airlines, Inc., 305 F. App'x. 165, 169 (same).

defendants remaining in this action are Roly's, Rolando, and Justice.

The court finds that, pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure, plaintiff is entitled to have process served on Roly's, Rolando, and Justice by the United States Marshal for the Northern District of Texas. Rochon v. Dawson, 828 F.2d 1107, 1109-10 (5th Cir. 1987). The court further finds that, in order to serve the process, the Marshal will need one form 285 and two summons forms to be filled out by plaintiff for each of the defendants, Roly's, Rolando, and Justice. The court is directing the Clerk to provide those forms to plaintiff, who is to fill them out and return them to the clerk. The clerk will then forward the forms, along with a copy of this order and the complaint attached to each, to the United States Marshal for the Northern District of Texas for service.

The court ORDERS that the clerk mail to plaintiff appropriate and sufficient summons forms to facilitate service of the summons and complaint on Roly's, Rolando, and Justice.

The court further ORDERS that: Plaintiff shall (a) complete the forms and return them to the clerk by May 29, 2014, and (b) at the same time, provide the clerk a document providing the name and title of the person to whom the process can be delivered in order to accomplish effective service of process on Roly's,

9

Rolando, and Justice, and the address or addresses at which such persons can be located by the United States Marshal for service of process on Roly's, Rolando, and Justice. Failure of plaintiff to timely do the things described in the immediately preceding sentence in this order could result in the dismissal of this action without further notice.

The court further ORDERS that, upon receipt of the items described in the immediately preceding paragraph of this order, the clerk shall issue the proper number of summons, with a copy of this order and the complaint attached to each, for service on Roly's, Rolando, and Justice, and shall deliver them, along with the document described in the (b) part of the immediately preceding paragraph of this order, to the United States Marshal for the Northern District of Texas for service on Roly's, Rolando, and Justice.

The court further ORDERS that, upon receipt of such process papers by the United States Marshal for the Northern District of Texas, the Marshal shall serve them on Roly's, Rolando, and Justice.

The court further ORDERS that all claims and causes of action asserted by plaintiff, Dianne McIntyre, against defendants Iliana, Page, Aaron's, Bailey, and Tuesday Morning in the above captioned action be, and are hereby, dismissed with prejudice.

10

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to such dismissals.

The court further ORDERS that plaintiff's claim pursuant to 42 U.S.C. § 1983 be, and is hereby, dismissed as to all defendants.

SIGNED April 29, 2014.

_____
JOHN McBRYDE
United States District Judge

11